**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4445-18

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

STANLEY FEGGINS, a/k/a
STANLEY J. FEGGIES,

     Defendant-Appellant.

_____

Submitted January 21, 2021 – Decided February 19, 2021

Before Judges Vernoia and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 15-12-0934.

Joseph E. Krakora, Public Defender, attorney for appellant (Steven E. Braun, Designated Counsel, on the brief).

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Mark Niedziela, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Stanley Feggins appeals from an order denying his post-conviction relief (PCR) petition without an evidentiary hearing. Having carefully considered the record, defendant's arguments, and the applicable legal principles, we affirm.

An indictment charged defendant and his codefendants, Shaheem Clark and Jeremy Thomas, with two counts of first-degree robbery, N.J.S.A. 2C:15-1(a)(1) or (2), and related weapons offenses. The indictment also charged defendant with resisting arrest and obstruction.

In December 2016, defendant pleaded guilty to the two counts of first-degree robbery. During the plea proceeding, the assistant prosecutor reported that Clark and Thomas gave statements "inculpat[ing] [defendant] as the main actor in both . . . robberies" and "put[ting] the gun [used in the robberies] in [defendant's] hand." The assistant prosecutor also explained that the State planned to move for imposition of an extended term life sentence if defendant was convicted of the robberies at trial.

Defendant said he was "sure" he wanted to accept the plea offer and he "had enough time to talk about it with [his] lawyer." Defendant testified that he reviewed the written plea form with his counsel and that he was able to read and understand everything on the form.

A-4445-18

Defendant also provided a factual basis supporting his pleas. He testified that on February 8, 2015, he and his codefendants, while armed with a gun they "displayed," took "about $290" from the victim. Defendant testified that based on his review of discovery materials, he did not dispute that the victim of the robbery was the individual identified by name during his plea colloquy.

Defendant also admitted his participation in a second robbery on February 8, 2015. He explained that he and his codefendants threatened the victim with a gun they "displayed," and they took the victim's money, cellphone, and jacket. Defendant testified he learned the victim's name by reviewing the discovery provided by the State.

Defendant's plea agreement with the State initially required that he also plead guilty to a receiving stolen property offense charged in a second indictment. During the plea colloquy, defendant did not admit to facts supporting a conviction on the charge, and the State agreed to dismiss the charge at defendant's sentencing on the robbery charges.

Before accepting defendant's guilty pleas to the robbery charges, the court questioned defendant. Defendant testified: he was satisfied with his counsel's advice; his counsel reviewed "the State's evidence with [him]"; he "had enough time to talk about [his] case with" counsel; and his counsel "answered all [his]

3 A-4445-18

questions to [his] satisfaction." He also testified he was not forced or threatened to plead guilty and that he was pleading guilty because he was guilty of the robberies. The court accepted defendant's guilty pleas to the robbery charges.

At defendant's sentencing, the court inquired about a probation officer's report that defendant "d[id] not wish to maintain his guilty plea." Defendant's plea counsel informed the court he had conferred with defendant, and that he inquired whether defendant wished to "vacate" his guilty plea and defendant "wish[ed] to proceed with the sentence." The court advised defendant he could either proceed with sentencing or "file a motion to withdraw [his] guilty plea," and the court offered defendant and his counsel an opportunity to confer further. Following defendant's consultation with his counsel, he confirmed that he was "sure" he wished to proceed with sentencing, he had "enough time to talk about this matter with" his counsel, and his counsel had answered all of his questions.

In accordance with the plea agreement, the court sentenced defendant on the robberies to concurrent fifteen-year custodial terms subject to the requirements of the No Early Release Act, N.J.S.A. 2C:43-7.2. On defendant's direct appeal from his sentences, we affirmed. State v. Feggins, No. A-4564-16 (App. Div. Feb. 8, 2018) (slip op.).

4

Defendant filed a PCR petition alleging his plea counsel was ineffective. In his supporting certification, defendant asserted his plea counsel "fail[ed] to have any meaningful discussions" with him concerning "potential defenses" and "identifications," and "failed to provide [him] with discovery until after [he] pled guilty." Defendant asserted he "had difficulty providing a factual basis" for his pleas to the robbery charges "because [he] did not know what the State was alleging," and he accepted the plea because his counsel said he would "lose at trial." Defendant also claimed that during the plea proceeding, the State referred to "additional evidence" it had against him, but he did not review the evidence. Defendant acknowledged that during the plea proceeding he said he "was satisfied with [his] lawyer and . . . was not being pressured," but he claimed that he "felt [he] had to say that otherwise [his] matters would be set for trial and [he] would be stuck with a lawyer who did not care to defend [his] case."

Defendant also submitted the affidavit of Jeremy Thomas, defendant's codefendant on the robbery charges. Thomas stated that he implicated defendant in the commission of the robberies "to seek a favorable sentence" in his own case. Thomas asserted he lied to the State and to the court during his plea

5

proceeding by implicating defendant in the robberies.[1] Thomas represented that defendant did not participate in the robberies.

Following oral argument, the court found defendant failed to sustain his burden of establishing a prima facie case of ineffective assistance of counsel under the standard established in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). The court detailed defendant's plea and sentencing proceedings, and found defendant's allegations concerning his attorney's failure to confer with him, his claimed lack of access to discovery materials, and his assertion he was pressured to plead guilty were contradicted by the record and defendant's testimony and statements during the prior proceedings. The court further concluded Thomas's affidavit did not constitute credible evidence because it contradicted Thomas's testimony during his plea proceeding and Thomas had

---

[1] In its decision on defendant's PCR petition, the court noted that it listened to the audio record of Thomas's pleas of guilty to the same robbery charges to which defendant pleaded. The court explained that Thomas testified during his plea proceeding that defendant participated in both robberies, "demanded money" from the first victim while armed with a gun, and, while holding a gun, instructed the second victim "to lay on the ground" during the theft of the victim's cellphone, jacket, and money. Defendant does not challenge the motion court's findings concerning Thomas's testimony.

been sentenced on the robbery charges and "ha[d] absolutely nothing to lose by making [the] statements" in his affidavit.

The court concluded defendant failed to present a prima facie case that his counsel's performance was deficient and that there is a reasonable probability that but for his counsel's alleged errors, defendant would have rejected the State's plea offer and proceeded to trial. The court entered an order denying the PCR petition without an evidentiary hearing. This appeal followed.

Defendant offers the following arguments for our consideration.

> POINT I
>
> TRIAL DEFENSE COUNSEL DENIED DEFENDANT EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE NEW JERSEY CONSTITUTION.
>
> POINT II
>
> THE EXISTENCE OF CUMULATIVE ERROR REQUIRES REVERSAL OF THE ORDER DENYING POST-CONVICTION RELIEF AND THE GRANTING OF AN EVIDENTIARY HEARING.

We review the legal conclusions of a PCR court de novo. State v. Harris, 181 N.J. 391, 419 (2004). The de novo standard of review also applies to mixed questions of fact and law. Id. at 420. Where an evidentiary hearing has not been

held, it is within our authority "to conduct a de novo review of both the factual findings and legal conclusions of the PCR court."  Id. at 421.  We apply these standards here.

In Strickland, the Supreme Court adopted a two-pronged test for a determination of a PCR claim founded on an alleged ineffective assistance of counsel.  466 U.S. at 687.  First, a petitioner must show counsel's performance "fell below an objective standard of reasonableness" and "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  Id. at 687-88.  Second, a "defendant must show that the deficient performance prejudiced the defense."  Id. at 687.  There must be "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.

To satisfy the second prong of the Strickland standard where a defendant seeks to set aside a conviction based on guilty plea, he or she must also "convince the court that a decision to reject the plea bargain" and "insist on going to trial" "would have been rational under the circumstances."  State v. Maldon, 422 N.J. Super. 475, 486 (App. Div. 2011) (quoting Padilla v. Kentucky, 559 U.S. 356, 372 (2010)); see also State v. Nunez-Valdez, 200 N.J.

129, 139 (2009). That determination must be "based on evidence, not speculation." Maldon, 422 N.J. Super. at 486.

Defendant argues "he was denied effective assistance of counsel because he did not truly wish to plead guilty." He also claims the court erred by denying his request for an evidentiary hearing because "of the lack of meaningful discussion with defense counsel, prior to pleading guilty." Defendant argues his counsel had limited discussions with him prior to the entry of his guilty pleas and "[a]pparently the State had additional evidence which [he] did not have the opportunity to review, contrary to the representation of the State that all discovery had been provided." Defendant also claims Thomas's affidavit "sheds doubt on the whole plea process." Defendant last contends that the PCR court's purported cumulative errors warrant reversal of his convictions.

"Although a demonstration of prejudice constitutes the second part of the Strickland analysis, courts are permitted leeway to choose to examine first whether a defendant has been prejudiced, and if not, to dismiss the claim without determining whether counsel's performance was constitutionally deficient." State v. Gaitan, 209 N.J. 339, 350 (2012) (citations omitted). Here, defendant failed to present any evidence addressing the second prong of the Strickland standard.

In his certification providing the alleged facts supporting his PCR petition, defendant did not demonstrate there is a reasonable probability he would have rejected the plea offer but for his counsel's alleged errors. See Maldon, 422 N.J. Super. at 486. Indeed, defendant's certification and brief on appeal do not include any facts, evidence, or argument addressed to Strickland's second prong.

Defendant also failed to present any evidence that but for his counsel's alleged errors, it would have been rational for him to reject the plea offer and proceed to trial. See ibid. As explained in detail to defendant during the plea proceeding, his sentencing exposure on the separate first-degree robberies was forty years, see N.J.S.A. 2C:43-6(a)(1) (providing a sentencing range of ten to twenty years for a first-degree offense), and, based on his criminal record, the State intended to move for an extended term sentence of life in prison if defendant was convicted at trial of the robberies, see N.J.S.A. 2C:44-3(a) (providing for a discretionary extended term sentence of life imprisonment for a first-degree offense committed by a persistent offender). Defendant's counsel negotiated a plea agreement limiting defendant's sentencing exposure on both robberies to an aggregate fifteen-year custodial term, and the agreement resulted in the dismissal of the weapons charges, as well as the receiving stolen property charge in the separate indictment.

In the certification supporting his PCR petition, defendant does not assert that but for his counsel's alleged errors, it would have been rational for him to forego the benefits of the plea agreement and proceed to trial. He also does not offer any evidence supporting such a claim. Without such evidence, defendant did not satisfy the second prong of the Strickland standard, and, for that reason alone, the PCR court correctly concluded defendant did not establish a prima facie case of ineffective assistance of his plea counsel. See Strickland, 466 U.S. at 687 (explaining a failure to establish both prongs of the Strickland standard requires the denial of a PCR petition); see also State v. Nash, 212 N.J. 518, 542 (2013) (same).

Defendant's failure to present evidence satisfying Strickland's second prong renders it unnecessary to consider defendant's allegations concerning his counsel's alleged errors. We note only that the PCR court correctly determined defendant's claims about his attorney's alleged errors are contradicted by the record of the plea and sentencing proceedings. Defendant asserts his counsel failed to have meaningful discussions with him, but he testified during the plea and sentencing proceedings that counsel responded to all of his questions and he did not need additional time to speak with counsel. Similarly, defendant argues he did not know what the allegations were against him and he "had

11

difficulty providing a factual basis" to support his pleas, but the record shows that defendant provided with ease the factual bases establishing his commission of the two robberies.[2] Defendant's claim he was not provided with discovery is belied by his plea testimony that his attorney reviewed the State's evidence with him and that he knew the names of the robbery victims based on his review of the discovery materials. In sum, defendant's PCR petition did not demonstrate that his counsel's performance was deficient because his claims are founded on bald assertions that are uniformly contradicted by his testimony and statements before the plea and sentencing courts. See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999) (explaining "bald assertions" are insufficient to sustain a defendant's burden of establishing a prima facie case of ineffective assistance of counsel under the Strickland standard).

Defendant also claims he felt pressured to plead guilty because his plea counsel expressed the opinion that defendant would lose at trial. Offering an opinion on a defendant's likelihood of success at a criminal trial is a necessary component of the advice required for a defendant considering whether to accept

---

[2] Defendant had difficulty providing a factual basis only for the receiving stolen property charge, and, as a result, the State dismissed that charge. Defendant had no similar difficulty providing a factual basis for the robbery charges.

a plea agreement or proceed to trial.  See In re Loring, 73 N.J. 282, 290 (1977) (holding an attorney has a "duty to advise the client fully, frankly, and truthfully of all material and significant information"); see also Libretti v. United States, 516 U.S. 29, 50 (1995) (holding defense counsel must "inform a defendant of the advantages and disadvantages of a plea agreement"); McMann v. Richardson, 397 U.S. 759, 769-70 (1970) (discussing a defendant's and defense counsel's need to weigh and discuss the strength of the State's case when a defendant is deciding whether to plead guilty).  The mere fact that defendant's plea counsel offered such an opinion, without more, does not establish that counsel's performance was deficient.  Defendant offered no evidence the advice was incorrect, misleading, or deficient in any manner.  Defendant therefore failed to satisfy his burden of establishing the first prong of the Strickland standard; he did not demonstrate his counsel's advice "fell below an objective standard of reasonableness."  Strickland, 466 U.S. at 688.

We also reject defendant's reliance on Thomas's affidavit.  The affidavit was provided in May 2018, three months after we affirmed defendant's sentence on his direct appeal.  See Feggins, No. A-4564-16, slip op.

The information available at the time defendant pleaded was that Thomas had given a statement to the police and had testified at his own plea proceeding

that defendant participated in the robberies and wielded the gun used to threaten the victims in both. The submission of Thomas's affidavit, well after defendant's plea and our affirmance of his sentence on appeal, does not support defendant's singular claim that his plea counsel was ineffective. See Gaitan, 209 N.J. at 350 (explaining the reasonableness of plea counsel's performance is determined based on the circumstances and professional norms "as of the time of counsel's conduct" (quoting State v. Castagna, 187 N.J. 293, 314 (2006))).

To the extent we have not expressly addressed any of defendant's other arguments, they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4445-18